IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| JACOB MEDINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-cv-00288 |
| | ) | |
| WAL-MART REAL ESTATE | ) | |
| BUSINESS TRUST and WAL-MART | ) | |
| ASSOCIATES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

WAL-MART REAL ESTATE BUSINESS TRUST and WAL-MART ASSOCIATES, INC. ("Defendants") respectfully submit this Notice of Removal for the purpose of removing the above-entitled action from the 34th Judicial District Court in El Paso County, Texas to the United States District Court for the Western District of Texas.  As grounds for this Notice of Removal, Defendants state as follows:

### I.  PROCEDURAL HISTORY

1.     Plaintiff commenced this action in the 34th Judicial District Court in El Paso County, Texas, Cause No. 2019DCV3340, by filing his Original Petition ("Petition") on August 29, 2019.  Copies of all pleadings filed in that action are attached as Exhibit A.

2.     Plaintiff served his Original Petition on Defendants on September 23, 2019 [Exhibit "A"].

3.      As Defendants more fully state below, removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction.

## II.  DIVERSITY JURISDICTION

4.      Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.      Plaintiff is a resident, and therefore, a citizen of El Paso County, Texas.

6.      Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which their partners or members are citizens.

7.      Defendant Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas.  Wal-Mart Property Co. is the sole owner of Wal-Mart Real Estate Business Trust.  Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas.  Therefore, Wal-Mart Real Estate Business Trust is a citizen of Delaware and Arkansas.

8.      Defendant Wal-Mart Associates, Inc. is a Delaware corporation, with its principal place of business located in Arkansas.  Therefore, Defendant Wal-Mart Associates, Inc. is a citizen of Delaware and Arkansas.  Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants.  28 U.S.C. §§ 1332, 1441.

9.      Plaintiff is claiming damages for reasonable medical care and expenses in the past and future, physical pain and suffering in the past and future, mental anguish in the past and future, disfigurement, and lost earning capacity in the past and future. Plaintiff seeks monetary

relief of no less than $200,000 and no more than $1,000,000.  See Exhibit "A."  Plaintiff's claim

for damages, therefore, exceeds $75,000, exclusive of interest and costs.

10.     Because Plaintiff is a citizen of Texas and Defendants are citizens of Delaware

and Arkansas, this Court has original jurisdiction over this action pursuant to the provisions of 28

U.S.C. § 1332(a)(1).

### III.  OTHER REMOVAL MATTERS

11.     Defendants reserve the right to amend or supplement this Notice of Removal.

12.     There have been no pleadings served upon Defendants other than the Plaintiff's

Original Petition.

13.     This Notice of Removal is filed within 30 days of service upon Defendants of the

Petition in compliance with 28 U.S.C. § 1446(b).

14.     Pursuant to 28 U.S.C. § 1446(d), Defendants shall give Plaintiff written notice of

the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with

the Clerk of the District Court of El Paso County Texas, 34th Judicial District Court, attaching a

file-stamped copy of this Notice of Removal.

15.     Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United

States District Court for the Western District of Texas.

16.     WHEREFORE, Defendants give notice that *Jacob Medina v. Wal-Mart Real

Estate Business Trust* and *Wal-Mart Associates, Inc.*, Cause No. 2019-DCV3340, in the 34th

Judicial District Court of El Paso County Texas is removed to the United States District Court

for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____
    **STEVEN J. BLANCO**
    State Bar No. 00796217
    sblanco@bomwlaw.com
    **ROBERT M. ESTRADA**
    State Bar No. 24071886
    restrada@bomwlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all counsel of record utilizing the Court's electronic filing system on this the 8th day of October, 2019.

_____
    **STEVEN J. BLANCO**

# EXHIBIT A

'El Paso County - 34th District Court

Filed 8/29/2019 11:58 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3340

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| JACOB MEDINA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Cause No. 2019-DCV-_____ |
| | § | |
| WAL-MART REAL ESTATE | § | |
| BUSINESS TRUST and WAL-MART | § | |
| ASSOCIATES, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JACOB MEDINA (hereinafter referred to as "Plaintiff"), complaining of WAL-MART REAL ESTATE BUSINESS TRUST (hereinafter referred to as "Defendant WAL-MART REAL ESTATE") and of WAL-MART ASSOCIATES, INC. (hereinafter referred to as "Defendant WAL-MART ASSOCIATES") and for a cause of action would show the Court as follows:

## I.   DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

## II.   PARTIES

Plaintiff is a resident of El Paso County, Texas. The last three numbers of Plaintiff's driver's license are 336.

Defendant Wal-Mart Real Estate Business Trust is a Delaware corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, C T

1 | P a g e
*Jacob Medina v. Wal-Mart Real Estate Business Trust and Wal-Mart Associates, Inc.*
PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND INITIAL REQUEST FOR DISCLOSURES

Corporation System, or any other authorized officer or agent therein at 1999 Bryan St., Suite 900, Dallas, Texas 75201 and/or wherever they may be found.

Defendant Wal-Mart Associates, Inc. is a Delaware corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, C T Corporation System, or any other authorized officer or agent therein at 1999 Bryan St., Suite 900, Dallas, Texas 75201 and/or wherever they may be found.

### III.   FACTS

On or about September 18, 2018, while in the course of his employment with Defendant at its 13900 Horizon Blvd., Horizon City, Texas 79928 location, Store #3136, Plaintiff was performing his job functions as a team member at the above location. On the date of this incident, Plaintiff walked into the walk-in freezer and slipped on ice that had built up on the floor of the freezer. Plaintiff fell and landed on his left arm. Defendant created or had knowledge of a dangerous condition. Defendant had knowledge of and failed to remove items that constituted a dangerous condition including said ice.

Defendant knew or should have known of the dangers and failed to correct or warn of the danger. Plaintiff would show that Defendant had control over the workplace safety and made little or no safety policies for Plaintiff and other workers to prevent injury from recognized hazards in the workplace, such as the one which injured Plaintiff. Defendant failed to provide a safe work environment for Plaintiff and failed to adequately train employees to prevent the hazards such as the one that injured Plaintiff. Further, Defendant failed to provide competent and safe co-workers on the job site to prevent injuries such as Plaintiff's.

## IV.   DEFENDANTS' DUTY

Under Texas law, Defendant had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103). Defendant failed to ensure a safe workplace for Plaintiff. Defendant failed to become a subscriber under the Worker's Compensation Act of this State code.

## V.   DEFENDANTS' NEGLIGENCE

Plaintiff would show that the damages and injuries were caused by the negligence of Defendants, their employees, agents and representatives. Plaintiff would show that Defendants owed a duty to Plaintiff, that Defendants breached such duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendants were negligent by breaching their duty to Plaintiff in one or more of the following alternative theories of negligence:

1.   Creating a dangerous slip hazard;
2.   Failure to furnish Plaintiff with a safe place to work.
3.   Failure to supply adequate and reasonably competent workers.
4.   Failure to establish and enforce safety rules and regulations.
5.   Failing to provide proper safety manuals and instructions to employees responsible for safety.
6.   Failure to create policies and procedures for proper freezer safety.
7.   Failure to supervise and ensure proper cleaning of said freezer.
8.   Failure to enforce freezer cleaning policies and procedures.
9.   Failure to provide adequate means of communication to enable employees obtain guidance from their employer on how to safely perform their job.
10.   Failure to remove a dangerous condition created by Defendant.
11.   Failure to warn Plaintiff of the dangers.
12.   Failure to furnish Plaintiff with adequate, necessary, and suitable tools, appliances and equipment.
13.   Negligent supervision, training, and instruction.
14.   Other acts of negligence.

One or more of the foregoing negligent acts or omissions of Defendants constituted negligence and were a proximate cause of the injuries to Plaintiff. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries

and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

## VI.    PLAINTIFF'S DAMAGES

As a direct result of the incident, Plaintiff suffered bodily injuries. Specifically, Plaintiff sustained injuries to his left wrist, left hand and other parts of his body. As a further result of the incident Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs. Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past. Plaintiff will continue to suffer mental anguish in the future. As a further result of the incident, Plaintiff has suffered emotional distress in the past, Plaintiff will continue to suffer emotional distress in the future. Plaintiff has suffered disfigurement. As a result of the incident, Plaintiff was prevented from working and has lost earning capacity. Plaintiff will continue to suffer a loss of wage-earning capacity in the future.

The amount of Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate

Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex .R. Civ.

P. 47(c)(l) and affirmatively pleads that the monetary damages sought will fall within the limits

set out in Tex. R. Civ. P. 47(c)(5). Plaintiff also seeks judgment for all other relief to which Plaintiff

is entitled. Plaintiff reserves the right to file an amended pleading on this issue should subsequent

evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil

Procedure 47, Plaintiff is seeking monetary relief over $200,000.00 but no more than

$1,000,000.00.

### VII.   NO VALID ARBITRATION AGREEMENT

No valid Arbitration Agreement exists between the parties. Additionally, the Injury Plan

or Occupational Benefit Plain are void and invalid for one or more of the following alternative

reasons:

1. The Federal Arbitration Act does not apply. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).
2. The Plan is illusory.
3. The Texas Arbitration Act excluded Arbitration for personal injury §171.002(a)(3); CPRC §171.002(c).
4. The Arbitration and Plan is void in violation of Texas Administrative Code, Article 16 §5; 182.
5. It is void in violation of Texas Labor Code § 406.033(e) and 406.035.
6. Defendants engaged in fraud, fraud in the inducement and misrepresentation concerning the "Arbitration" and "Plan" documents.
7. The "Plan" violates Texas Transportation Code §643.106.
8. There was no consideration. This is totally underfunded. There is no segregated funds, no obligation to pay, no guarantee of payment, and no insurance.
9. The documents are procedurally and substantively unconscionable.
10. The documents were executed based on fraud in the inducement and under duress.
11. The documents are illegal, oppressive and violate Texas Arbitration Act § 171.002(a)(3).
12. Fraud, misrepresentation, no consideration and other contract defenses are fact issues and under The Texas Constitution, Plaintiff is entitled to a jury trial on these issues. Plaintiff requested a jury trial.
13. Not a knowing voluntary agreement. Plaintiff had no understanding of this document.
14. The purported agreement violates the 10th Amendment of the U.S. Constitution.
15. The purported agreement is against public policy.

## VIII.   JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues in this case.

## IX.   REQUEST FOR INITIAL DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 51 days of service of this request, the information or material described in Rule 194.2(a) through (i).

## X.   TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XI.   CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

/s/ *Daisy Chaparro*
**DAISY CHAPARRO**
TX State Bar No.: 24088824
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
DChaparro@FTAlawfirm.com
*Attorney for Plaintiff*

*Jacob Medina v. Wal-Mart Real Estate Business Trust and Wal-Mart Associates, Inc.*
PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND INITIAL REQUEST FOR DISCLOSURES

 CT Corporation

**Service of Process Transmittal**
09/23/2019
CT Log Number 536303733

TO:     KIM LUNDY SERVICE OF PROCESS
        WALMART INC.
        702 SW 8TH ST, MAILSTOP 0215
        BENTONVILLE, AR 72716-6299

RE:     **Process Served in Texas**

FOR:    Wal-Mart Associates, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Medina Jacob, Pltf. vs. Wal-Mart Real Estate Business Trust and Wal-Mart Associates, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation(s), Return(s), Original Petition |
| **COURT/AGENCY:** | 34th Judicial District Court El Paso County, TX<br>Case # 2019DCV3340 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - 09/18/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/23/2019 at 15:40 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Daisy Chaparro<br>Flores, Tawney & Acosta P.C.<br>906 N. Mesa<br>2nd Floor<br>El Paso, TX 79902<br>915-308-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/24/2019, Expected Purge Date: 09/29/2019<br><br>Image SOP<br><br>Email Notification,  KIM LUNDY SERVICE OF PROCESS  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / MD

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **WAL-MART ASSOCIATES, INC.,** which may be served with process by serving its registered agent, **CT CORPORATION SYSTEM at 1999 BRYAN STREET, SUITE 900, DALLAS, TX  75201** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **34th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 29th day of August, 2019 by Attorney at Law, DAISY CHAPARRO, 906 N. MESA ST., 2ND FLOOR, EL PASO, TX  79902, in this case numbered **2019DCV3340** on the docket of said court, and styled:

**JACOB MEDINA**
**VS**
**WAL-MART REAL ESTATE BUSINESS TRUST AND WAL-MART ASSOCIATES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 4th day of September, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

THIS PROCESS WAS DELIVERED AT _____ O'CLOCK
THIS 23 DAY OF September 19
CONSTABLE PRECINCT 1
DALLAS COUNTY TEXAS
BY DEPUTY: _____ #104

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By: _____, Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original
Petition, Jury Demand and Request for Initial Disclosures**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____  by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By_____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **WAL-MART ASSOCIATES, INC.,** which may be served with process by serving its registered agent, **CT CORPORATION SYSTEM at 1999 BRYAN STREET, SUITE 900, DALLAS, TX  75201** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **34th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 29th day of August, 2019 by Attorney at Law, DAISY CHAPARRO, 906 N. MESA ST., 2ND FLOOR, EL PASO, TX  79902, in this case numbered **2019DCV3340** on the docket of said court, and styled:

**JACOB MEDINA**
**VS**
**WAL-MART REAL ESTATE BUSINESS TRUST AND WAL-MART ASSOCIATES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 4th day of September, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By: _____, Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____    _____ Sheriff

_____    _____ County, Texas

Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**